UNITED STATES DISTRICT COURT
WESTERN DIVISION OF MASSACHUSETTS

CIVIL ACTION NUMBER:

| | |
|---|---|
| JAMES MAHONEY, | ) |
| Plaintiff | ) |
| vs. | ) |
| UNITED TRANSPORT OF EAST LONGMEADOW, INC. | ) |
| Defendant | ) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Now comes the Plaintiff in the above-captioned matter, James Mahoney, and sets forth this Complaint and demand for jury trial against his former employer, United Transportation of East Longmeadow, Inc., for compensatory and punitive damages as a result of retaliatory termination for refusing to violate federal motor vehicle safety laws.

### PARTIES

1) The Plaintiff, James Mahoney, is a natural person currently residing at 7 School Street, Somers, Connecticut, County of Tolland.

2) United Transport of East Longmeadow, Inc. is a domestic profit corporation organized under the laws of the Commonwealth of Massachusetts, with a principle place of business located at P.O. Box 428, 305 Shaker Road, East Longmeadow, Massachusetts, County of Hampden. The corporation maintains a registered agent located at 305 Shaker Road, East Longmeadow, Massachusetts.

3) United Transport of East Longmeadow is a motor carrier, operating in interstate commerce and subject to the employee protection provisions of the Surface Transportation Assistance Act.

### JURISDICTION

4) Jurisdiction for this lawsuit is granted pursuant to 49 U.S.C. § 31105(b)(3)(C).

5) Jurisdiction for this lawsuit is also grated pursuant to 28 U.S.C. §1331, as a matter of federal question.

1

## FACTS

6) The Defendant, United Transport of East Longmeadow, from May 1, 2013 until May 11, 2014, employed the Plaintiff, James Mahoney, as a driver.

7) The Plaintiff was terminated on May 11, 2014.

8) The Plaintiff had worked for the Defendant for just over one (1) year, during which there had been many discrepancies regarding the amount of time Plaintiff has spent driving or on-duty.

9) Plaintiff's employment was frequently characterized with instances of violations of 45 C.F.R. §395.3 governing the maximum hours which a commercial driver can operate a vehicle. These violations include, but are not limited to:
    a. Driving in excess of 11 hours per day;
    b. Driving beyond the 14th consecutive hour when coming on duty after 10 consecutive hours off duty;
    c. Resuming driving after an approximately fourteen (14) hour work day, without having had 10 consecutive hours of rest ;
    d. Continued driving even if there has not been a half (½) hour break within the preceding eight (8) hours of time on-duty;
    e. Returning to driving on numerous occasions, without a proper thirty-four (34) hour rest period.

10) The Plaintiff was often instructed to not log into the truck's online system, which monitors the number of hours on duty and on the road by each driver.

11) On numerous occasions, the Plaintiff had complained to the Defendant regarding improper conduct, and discrepancies of the maximum permissible driving hours that he was assigned.

12) The Defendant has routinely requested that the Plaintiff work on Sundays, while issuing the Plaintiff instructions not log into the truck's computer.

13) Plaintiff's driving log indicates that he worked for the Defendant on May 9, 2014 from 3 p.m. until 3 a.m. of May 10, 2014.

14) As of the end of the Plaintiff's shift on May 10, 2014, the Plaintiff's on-duty hours for that week totaled over 52 hours.

15) Throughout the course of his employment, the Plaintiff was under the impression that the Defendant followed the sixty (60) hour/seven (7)-day rule laid out by the Federal Motor Carrier Safety Administration, as codified in 45 C.F.R. §395.3.

16) As such, he was under the reasonable belief that drivers employed by the Defendant were not to drive in excess of sixty hours in any give seven-day period.

17) On May 11, 2014, the Plaintiff began work for the Defendant at 7 a.m.

18) The Plaintiff made his second delivery in Bristol, Connecticut. The next stop on his route required picking up fuel from New Haven, Connecticut and bringing it to Pittsfield, Massachusetts.

19) At the second delivery location in Bristol, Connecticut, the Plaintiff realized that he would not be able to complete his assigned delivery route, due to the number of hours he had previously driven that week.

20) The Plaintiff explained that, because he was over his maximum hours for that week, he was suffering from fatigue and did not believe he could safety complete his next trip.

21) Before leaving for his next trip, the Plaintiff notified the Defendant's dispatcher, via telephone, of his inability to complete his next run.

22) Directly after calling the dispatcher, the Plaintiff called the Erwin Hill, agent and owner of United Transport of East Longmeadow, and again explained that he was unable to retrieve fuel from New Haven, Connecticut and deliver it to Pittsfield, Massachusetts.

23) While on the telephone with Erwin Hill, Plaintiff informed Mr. Hill that the dispatcher frequently assigns him excessively high workloads in excess of the Department of Transportation's guidelines, and asked him what could be done to stop this.

24) Mr. Hill instructed the Plaintiff to "bring the truck back," and told him "you're all done."

25) Upon returning to the Defendant's principle place of business to refuel and park the truck, Mr. Hill told the Plaintiff "get your things out of the truck and get off the property."

26) The Plaintiff gathered his belongings and vacated the premises as requested.

27) Although requests had been made to the Defendant for the Plaintiff's May 11, 2014 driver's log, the date of his termination, such records have not been produced to Plaintiff's counsel.

28) On November 7, 2014, the Plaintiff timely filed a complaint with the Occupational Safety and Health Administration (OSHA) under the Surface Transportation Assistance Act in accordance with 49 U.S.C. §31105.

29) Under the Surface Transportation Assistance Act, if the Secretary of Labor does not issue a final decision within 210 days of the filing of the complaint, the complainant may bring a *de novo* action in Federal Court.

30) Plaintiff's counsel notified OSHA by letter dated May 20, 2015 of the intent to file *de novo* in Federal District Court. As a result of this notification, OSHA has dismissed the Plaintiff's original complaint and released its jurisdiction to the Plaintiff for private pursuit.

## COUNT I
*(Violation of the Surface Transportation Assistance Act)*

31) The Plaintiff re-asserts and re-alleges paragraphs one through thirty (30) as though fully repeated herein.

32) The Plaintiff, as a driver of a commercial motor vehicle who directly affected commercial motor vehicle safety in the course of his employment, was an employee of the Defendant within the meaning of 49 U.S.C. § 31105(j).

33) Pursuant to Plaintiff's job title and responsibilities, he was required to comply with the Federal Motor Carrier Safety Administration's driving and hourly maximum guidelines at all times, particularly the guidelines as set forth in 49 C.M.R. § 395.3.

34) 49 C.M.R. § 392.3 provides that "[n]o driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, wile the driver's ability or alertness is so impaired, or so likely to come impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle."

35) Pursuant to 49 U.S.C. § 31105, the Surface Transportation Assistance Act, an employer may not discharge an employee because he has filed a complaint related to a violation of a commercial motor vehicle safety or security regulation, standard, or order.

36) Several times throughout employment with the Defendant, the Plaintiff had attempted to rectify and address issues of non-compliance with Department of Transportation guidelines, primarily the excessive work load, and amount of hours scheduled, as they often did not conform to the guidelines as set forth therein.

37) On May 11, 2015, the Plaintiff was feeling extreme driver's fatigue, due to lack of proper rest.

38) The Plaintiff had a reasonable belief that his employer had directed him to violate the provisions of 49 C.M.R. § 392.3 and the maximum driving hours mandated by the Department of Transportation.

39) Upon this realization, the Plaintiff notified the Defendant by telephone, at which time he was told to return to the terminal, gather his belongings, and get off the premises.

40) The Plaintiff's statements to the Defendant's agents about violations of the hours of service regulations and his sleepiness were related to reasonably perceived violations of 49 C.F.R. § 392.3 and § 395.3, and were therefore protected activity under 49 U.S.C. § 31105.

41) Upon notification of the Plaintiff's reasonable belief of his inability to complete his tasks within a legal framework, the Defendant became hostile and terminated the Plaintiff.

42) The Plaintiff's termination was a result of the Defendant's unlawful retaliation against him for engaging in protected activity, in violation of the Surface Transportation Assistance Act.

43) The Defendant's conduct was willful, wanton, and intentional, thus entitling the Plaintiff to an award of punitive damages up to $250,000.00 per 49 U.S.C. § 31105(b).

44) As a direct and proximate result of his termination, the Plaintiff has suffered economic damage in the form of lost wages, as well as emotional distress, mental pain, and damage to his reputation.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. Enter a judgment in favor of the Plaintiff and against the Defendant on Count I, and award damages in an amount to be determined at trial;
2. Award Plaintiff punitive damages for the egregious actions of the Defendant, in an amount equal to the lost wages awarded in Count I per____;
3. Award Plaintiff his costs and reasonable attorney's fees; and
4. Any further relief as this Court deems just and proper.

### REQUEST FOR A JURY TRIAL

Plaintiff hereby requests a trial by jury on all counts so triable.

August _10_, 2015                     Respectfully Submitted,
                                      The Plaintiff, James Mahoney,
                                      By his Attorney,

                                      _____
                                      Marshall T. Moriarty, Esq. BBO #354910
                                      Moriarty Law Firm
                                      34 Mulberry Street
                                      Springfield, MA 01105
                                      (413)-654-1077 (phone)
                                      (413)-736-1345 (fax)